UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Janice Karlsen and
Roy Karlsen

    v.

The Money Source, Inc.
d/b/a TMS

Case No. 22-cv-157-PB
Opinion No. 2022 DNH 140

MEMORANDUM AND ORDER

Roy and Janice Karlsen filed a state court petition to enjoin the transfer of title to their personal residence following a foreclosure sale. The defendant, The Money Source, Inc., removed the case to this court and filed a motion to dismiss.

The Karlsens assert that they are entitled to relief because they did not receive advance notice of the foreclosure sale. As The Money Source notes, however, the pertinent foreclosure statute, N.H. Rev. Stat. Ann. § 479:25, II, does not require that a mortgagor receive actual notice of the proposed sale if the mortgagee follows the statute's notice requirements. See Dugan v. Manchester Fed. Sav. & Loan Ass'n, 92 N.H. 44 (1942) (construing P.L. Ch. 215, § 23); Butterfield v. Deutsche Bank Nat'l Tr., 2017 D.N.H. 54, 2017 WL 1066579, at *2 (D.N.H. 2017); Bradley v. Wells Fargo Bank, N.A., 2014 DNH 41, 2014 WL 815333, at *3 (D.N.H. 2014). The Karlsens do not allege that

The Money Source failed to comply with the statutory notice requirements. Therefore, their petition cannot survive in its current form.

As The Money Store argues, the Karlsens' petition also may be barred by N.H. Rev. Stat. Ann. § 479:25, II(c), because they did not file it prior to the foreclosure sale. See Bank of N.Y. Mellon v. Dowgiert, 169 N.H. 200, 205-06 (2016); Moody v. PennyMac Loan Servs., LLC, 2018 WL 10812614, at *6 (D.N.H. 2008). The New Hampshire Supreme Court has determined that this bar to suit applies only to the extent that the plaintiff's claim is "based on facts which the mortgagor knew or should have known soon enough to reasonably permit the filing of a petition prior to the sale." Murphy v. Fin. Dev. Corp., 126 N.H. 536, 540 (1985). The Karlsens allege that they did not have advance knowledge of the foreclosure sale, but their petition does not contain any factual allegations about whether, under the circumstances, they should have known of the sale. Accordingly, I cannot determine on the present record whether their claim is barred by N.H. Rev. Stat. Ann. § 479:25, II(c).

For the reasons set forth in this Memorandum and Order, the defendant's motion to dismiss is granted. Within 14 days, the defendant shall provide plaintiffs with any evidence in its possession supporting its claim that it provided plaintiffs with statutory notice of the foreclosure sale. Plaintiffs shall have 14 days from the receipt of the defendant's evidence to

file an amended complaint correcting the deficiencies identified in this Memorandum and Order.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

November 9, 2022

cc:     Counsel of Record